# EXHIBIT 1

Case 5:24-cv-00014-EKD   Document 1-2   Filed 03/12/24   Page 1 of 16   Pageid#: 8

Case 5:24-cv-00014-EKD    Document 1-2    Filed 03/12/24    Page 2 of 16    Pageid#: 9

*SERVE*

# COMMONWEALTH OF VIRGINIA



**WINCHESTER CIRCUIT COURT**
Civil Division
5 NORTH KENT STREET
WINCHESTER VA
(540) 667-5770

Summons

To: SODEXO, INC.
R/A CORPORATE CREATIONS
NETWORK INC.
425 W WASHINGTON STREET, #4
SUFFOLK VA 23434

Case No. 840CL24000057-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, February 05, 2024

Clerk of Court: WILLIAM D GARDNER

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: ZELLMAN, JASON F
4010 UNIVERSITY DRIVE
SECOND FLOOR
FAIRFAX VA 22030

**VIRGINIA:**

CIRCUIT COURT FOR THE CITY OF WINCHESTER

| | |
|---|---|
| **STACY JOHNSON,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**SODEXO, INC.,** )<br>)<br>SERVE: )<br>R/A Corporate Creations Network Inc. )<br>425 W Washington Street, #4 )<br>Suffolk, Virginia 23434 )<br>)<br>Defendant. )<br>) | Case No.<br><br>VALIDATE CASE PAPERS<br>RCPT : 24000000853<br>DATE : 02/05/2024 TIME: 11:56<br>CASE : 840CL24000057-00<br>ACCT : JOHNSON, STACY<br>AMT. : $349.00 |

## COMPLAINT

COMES NOW the Plaintiff, **STACY JOHNSON** ("Ms. Johnson"), by counsel, and moves for judgment against the Defendant, **SODEXO, INC.** ("Defendant"), on the grounds and amount set forth herein.

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Virginia Code § 8.01-328.1.

2. Venue is appropriate pursuant to Virginia Code § 8.01-262.

### PARTIES

3. Ms. Johnson is an individual and resident of the state of West Virginia.

4. During the events described herein, Defendant employed Ms. Johnson in Winchester, Virginia.

5. Defendant is a business registered to do business in the Commonwealth of Virginia.

*Stacy Johnson v. Sodexo, Inc.*
Complaint
Page 2 of 14

6. Defendant conducts significant business in Winchester, Virginia.

## FACTUAL BACKGROUND

7. Ms. Johnson was an employee of Defendant for over four (4) years as a Unit Clerical for Defendant in their dining services contract with Shenandoah University.

8. Beginning in 2021, Defendant's employee and Ms. Johnson's direct supervisor, Peter Labrecque, sexually harassed Ms. Johnson on the job.

9. Beginning in the fall of 2021, Mr. Labrecque, while on the job, began to repeatedly describe to Ms. Johnson his inability to get erections as a result of the COVID-19 vaccine.

10. In response, Ms. Johnson told Mr. Labrecque that this was too much information, and that he should instead talk to a doctor about these sexual issues.

11. Mr. Labrecque apologized for the conversation and informed Ms. Johnson that he was seeing someone at Shenandoah University about this issue.

12. On or around February 11, 2022, while on the job, Mr. Labrecque held up a pizza board and asked Ms. Johnson if she wanted a "spanky spank."

13. Ms. Johnson responded that Mr. Labrecque needed to keep that behavior between him and his wife.

14. Mr. Labrecque then recounted a sexual encounter with his wife in great detail to Ms. Johnson.

15. Mr. Labrecque described to Ms. Johnson and another female coworker, Rachel arr, a recent incident when he got an erection and chased his wife around the room with it.

16. Ms. Johnson and Ms. Harr informed Mr. Labrecque that this was inappropriate and they did not want to hear about it.

*Stacy Johnson v. Sodexo, Inc.*
Complaint
Page 3 of 14

17. On February 14, 2022, Valentine's Day, Mr. Labrecque called Ms. Johnson into the catering supply area, alone, gave her a rose, and once again brought up chasing his wife around the room with an erection.

18. Ms. Johnson reported this incident as well as the previous incidents of sexual harassment to Dave Grumbacher, the Catering Manager.

19. On February 14, 2022, Valentine's Day, Mr. Labrecque called Ms. Harr into his office alone, gave her a rose, and once again brought up chasing his wife around the room with an erection.

20. Ms. Harr reported this incident as well as the previous incidents of sexual harassment to Donald Hawkins, the Head Chef and Kitchen Manager.

21. Defendant did not take any action to stop the harassment in response to Ms. Johnson or Ms. Harr's reports.

22. In the summer of 2022, Mr. Labrecque made sexual comments and innuendos to Ms. Johnson, saying that she did not look like she had been "driven that hard."

23. Ms. Johnson responded to these comments with visible distress and anger, while Mr. Labrecque laughed at Ms. Johnson's humiliation.

24. Ms. Harr witnessed this incident.

25. In the summer of 2022, Mr. Labrecque referred to Ms. Johnson with derogatory, gendered language, calling her a "pitbull."

26. Numerous managers witnessed this incident and did not intercede.

27. During the summer of 2022, Ms. Johnson applied for three (3) positions with Sodexo to work remotely to avoid her harasser, Mr. Labrecque.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page 4 of 14

28. Defendant did not select Ms. Johnson for any of these positions and notified Mr. Labrecque that Ms. Johnson applied for other positions.

29. With the knowledge that Ms. Johnson applied to other positions, Mr. Labrecque confronted Ms. Johnson asking why Ms. Johnson wanted to move positions.

30. Ms. Johnson responded to Mr. Labrecque that she was applying to other positions because she was uncomfortable working with Mr. Labrecque based on the inappropriate things he would discuss and do on the job, she was tired of Mr. Labrecque cutting her hours and revoking her holiday pay disproportionately to other employees, she was frustrated that Mr. Labrecque only made her clock out for lunch while allowing most or all other employees to remain on the clock for lunch, and she was acting in accordance with his instruction that if she did not like it here, she should leave.

31. Mr. Labrecque apologized in response to Ms. Johnson's grievances.

32. After Ms. Johnson departed, Mr. Labrecque told Ms. Harr that it was Ms. Johnson and Ms. Harr's fault that he made sexual comments on the job.

33. After this incident, Mr. Labrecque told Ms. Harr that she needed to stop barking like Ms. Johnson.

34. On August 5, 2022, Ms. Johnson contacted Human Resources and filed a complaint against Mr. Labrecque since Defendant had not stopped the harassment following her report to Mr. Grumbacher.

35. On August 12, 2022, Mr. Labrecque's supervisor, John Teeple, and Human Resources had a phone conferences with Mr. Labrecque regarding Ms. Johnson's Human Resources report.

Case 5:24-cv-00014-EKD   Document 1-2   Filed 03/12/24   Page 6 of 16   Pageid#: 13

Case 5:24-cv-00014-EKD   Document 1-2   Filed 03/12/24   Page 7 of 16   Pageid#: 14

*Stacy Johnson v. Sodexo, Inc.*
Complaint
Page 5 of 14

36. On August 12, 2022, immediately following the phone conference, Mr. Labrecque confronted Ms. Johnson on the job, assaulted Ms. Johnson, pulled and held her arm, and demanded that Ms. Johnson tell him if she reported him to Human Resources since he would find out who it was eventually.

37. Ms. Johnson reported Mr. Labrecque's work place assault to Human Resources and filed a police report with the Winchester Police Department.

38. August 24, 2022, Ms. Johnson contacted Shenandoah University's Assistant General Counsel and Title IX Coordinator, Peter Kronemeyerm, about her harassment and assault.

39. On September 2, 2022, Ms. Johnson informed Mr. Labrecque and Human Resources that she would soon be accepting a new job outside of Sodexo to avoid her harasser.

40. On September 2, 2022, Mr. Labrecque and Mr. Grumbacher approached Ms. Johnson and stated that they were separating Ms. Johnson's employment, effective immediately, and escorted her and her belonging out of the building.

41. Despite her outstanding performance record, Ms. Johnson did not receive an opportunity to transfer within Sodexo or work remotely despite the fact that she applied to several available positions.

42. Ms. Johnson was not given any reason for her termination.

43. Defendant retained Mr. Labrecque as an employee, despite the fact that he has received multiple reports of sexual harassment and assaulted an employee on the job.

44. Following Ms. Johnson's separation of employment, Defendant allowed Mr. Labrecque to bring his attorney to the Defendant's place of business and question employees while on the job regarding Ms. Johnson and her allegations of harassment and assault.

45. Following Ms. Johnson's separation of employment, Mr. Labrecque approached Ms. Harr on the job and attempted to coerce her into making a written statement about her account of Ms. Johnson's harassment and assault, offering Ms. Harr a pay raise in exchange for Ms. Harr to write a statement sympathetic toward Mr. Labrecque.

46. Ms. Harr refused Mr. Labrecque's offer.

### COUNT I: VIOLATION OF VA. CODE § 2.2-3905(B)
### (On the Basis of Sex)

47. Ms. Johnson incorporates all prior allegations.

48. Va. Code § 2.2-3905(B) states that "[i]t is an unlawful discriminatory practice for [a]n employer to [f]ail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's . . . sex."

49. Ms. Johnson is a woman.

50. Defendant subjected Ms. Johnson to demeaning conduct, language, and physical harm by and through its agents and employees.

51. In or around the fall of 2021, Mr. Labrecque repeatedly described his inability to get erections as a result of the COVID-19 vaccine to Ms. Johnson on the job.

52. On or around February 11, 2022, while on the job Mr. Labrecque held up a pizza board to Ms. Johnson and asked if Ms. Johnson wanted a "spanky spank."

53. Mr. Labrecque described to Ms. Johnson and another female coworker, Rachel Harr, a recent incident when he got an erection and chased his wife around the room with it.

54. On February 14, 2022, Valentine's Day, Mr. Labrecque called Ms. Johnson into his office alone, gave her a rose, and once again brought up chasing his wife around the room with an erection.

55. In the summer of 2022, Mr. Labrecque made sexual comments and innuendos to Ms. Johnson, saying that she did not look like she had been "driven that hard."

56. In the summer of 2022, Mr. Labrecque referred to Ms. Johnson as a "pitbull."

57. Mr. Labrecque accused Ms. Johnson of "barking."

58. On August 12, 2022, Mr. Labrecque assaulted Ms. Johnson. Specifically, he pulled and held her arm because Mrs. Johnson reported Mr. Labrecque's sexual harassment to Human Resources.

59. Ms. Johnson was belittled, humiliated, and assaulted by Defendant on the basis of her sex when she was exposed to the aforementioned discriminatory conduct.

60. Va. Code § 2.2-3905(B) makes it unlawful to allow sex to be a motivating factor for any employment practice.

61. During the course of Ms. Johnson's employment, Defendant, by and through its agents and employees, discriminated against Ms. Johnson in the compensation, terms, conditions, and privileges of her employment in various ways, in substantial part because of her sex, in violation of Va. Code § 2.2-3905(B).

62. The above described unwelcome sex discrimination throughout Ms. Johnson's employment interfered with Ms. Johnson's physical and emotional well-being as well as her ability to earn money.

63. As a result of the hostile, offensive and discriminatory behavior by Defendant, and its agents and employees, and the failure of Defendant to protect Ms. Johnson from such discrimination and

*Stacy Johnson v. Sodexo, Inc.*
Complaint
Page 8 of 14

assault, Ms. Johnson suffered humiliation, emotional stress and physical pain.

64. Defendant, through its agents and/or employees failed to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act as described above with respect to the sex discrimination suffered by Ms. Johnson.

65. Defendant failed to take all necessary and reasonable steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

66. Because Defendant violated Va. Code § 2.2-3905(B), as described above, Ms. Johnson has retained counsel, in an effort to protect her rights with respect to work environment and hiring/firing practices maintained by Defendant. As a result of retaining legal counsel because of Defendant's actions, Ms. Johnson has incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Ms. Johnson.

## COUNT II: VIOLATION OF VA. CODE § 2.2-3905(B)
### (On the Basis of Age)

67. Ms. Johnson incorporates all prior allegations.

68. Va. Code § 2.2-3905(B) states that "[i]t is an unlawful discriminatory practice for [a]n employer to [f]ail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's . . . age."

69. Va. Code § 2.2-3905(B) protects employees 40 years old and older.

70. At the time Ms. Johnson began her tenure with Defendant, she was 53 years old.

71. Defendant subjected Ms. Johnson to demeaning conduct, language, and physical harm by and through its agents and employees.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page 9 of 14

72. In the summer of 2022, Mr. Labrecque made sexual comments and innuendo to Ms. Johnson, saying that she did not look like she had been "driven that hard."

73. Ms. Johnson responded to this comment with visibly distress and anger. Mr. Labrecque laughed at Ms. Johnson's humiliation.

74. During the summer of 2022, Ms. Johnson applied for three (3) positions with Sodexo to work remotely to avoid her harasser, Mr. Labrecque.

75. Defendant did not select Ms. Johnson for these positions and notified Mr. Labrecque that Ms. Johnson applied for other positions.

76. In response to Ms. Johnson's inquiry regarding an entry level marketing position, Defendant discouraged Ms. Johnson from applying, stating that she would be required to work more than sixty (60) hours each week.

77. Ms. Harr, a thirty (30) year old employee who received this position was never informed of any such sixty-hour workweek, nor has Ms. Harr had to regularly work sixty hours a week.

78. Defendant took action to discourage Ms. Johnson from applying to the entry level marketing position because of her age.

79. On August 12, 2022, immediately after learning of Ms. Johnson's report to Human Resources, Mr. Labrecque confronted Ms. Johnson on the job, assaulted Ms. Johnson, pulled and held her arm, and demanded that Ms. Johnson tell him if she reported him to Human Resources since he would find out who it was eventually.

80. Mr. Labrecque did not assault the other, younger employees, including Ms. Harr, who had also reported him.

*Stacy Johnson v. Sodexo, Inc.*
Complaint
Page 10 of 14

81. Upon information and belief, Mr. Labrecque targeted Ms. Johnson while on the job for physical violence and retaliation because of her age.

82. Ms. Johnson reported her assault on the job by a fellow employee, Mr. Labrecque, to Human Resources and filed a police report with Winchester Police Department.

83. On September 2, 2022, Mr. Labrecque and Mr. Grumbacher approached Ms. Johnson and stated that they were separating Ms. Johnson's employment, effective immediately, and escorted her out of the building with her belongings.

84. Ms. Johnson was belittled, humiliated, and assaulted by Defendant on the basis of her age when she was exposed to the aforementioned discriminatory conduct.

85. Va. Code § 2.2-3905(B) makes it unlawful to allow age to be a motivating factor for any employment practice.

86. During the course of Ms. Johnson's employment, Defendant, by and through its agents and employees, discriminated against Ms. Johnson in the compensation, terms, conditions, and privileges of her employment in various ways, in substantial part because of her age, in violation of Va. Code § 2.2-3905(B).

87. The above described unwelcome age discrimination throughout Ms. Johnson's employment interfered with Ms. Johnson's physical and emotional well-being as well as her ability to earn money.

88. As a result of the hostile, offensive, and discriminatory behavior by Defendant, and its agents and employees, and the failure of Defendant to protect Ms. Johnson from such discrimination and assault, Ms. Johnson suffered humiliation, emotional stress and physical pain.

89. Defendant, through its agents and/or employees failed to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act as described above with respect

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page 11 of 14

to the age discrimination suffered by Ms. Johnson.

90. Defendant failed to take all necessary and reasonable steps to eliminate age discrimination from the workplace and to prevent it from occurring in the future.

91. As a further direct and proximate cause of Defendant's violation of Va. Code § 2.2-3905(B) as described above, Ms. Johnson has been compelled to retain the services of counsel in an effort to protect her rights with respect to work environment and hiring/firing practices maintained by Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Ms. Johnson.

### COUNT III: WRONGFUL TERMINATION (BOWMAN CLAIM)

92. Ms. Johnson incorporates all prior allegations.

93. Ms. Johnson was wrongfully discharged by Defendant for reporting illegal sexual harassment taking place on the job.

94. An employee may bring a wrongful termination claim if the "termination violates Virginia's public policy," which is known as the "Bowman exception." *Lester v. TMG, Inc.*, 896 F. Supp. 2d 483, 487 (E.D. Va. 2012) (citing *Bowman v. State Bank of Keysville*, 229 Va. 534, 539–40, 331 S.E.2d 797, 801 (1985)).

95. Terminating Ms. Johnson for reporting unlawfully work place sexual harassment violates Virginia's public policy and the Virginia Values Act. Specifically, these violations undermine Virginia public policy interests, for preventing sex based discrimination in the work place.

96. Ms. Johnson approached a superior, Dave Grumbacher, as well as Human Resources to report and seek intervention to stop the unlawful sex-based discrimination and sexual harassment she

Stacy Johnson v. Sodexo, Inc.
Complaint
Page 12 of 14

was facing at the hands of Mr. Labrecque.

97. Ms. Johnson spoke with a Human Resources representative who informed her that a case would be opened, yet Defendant failed to conduct a substantive investigation or take any mitigating action.

98. Following Ms. Johnson's reports, Defendant, by its employees and agents, subjected Ms. Johnson to escalating sexual harassment and discrimination. Defendant further harmed Ms. Johnson by cutting her hours, revoking her holiday pay, denying her job applications to avoid her harasser, and by telling her that if she did not like it at the company, she should leave.

99. Ms. Johnson was not afforded an opportunity to transfer within Sodexo or work remotely, despite the fact that she applied for several open positions.

100. Mr. Labrecque cut Ms. Johnson's hours and revoked her holiday pay disproportionately to other employees.

101. Mr. Labrecque made Ms. Johnson clock out for lunch while allowing most or all other employees to remain on the clock for lunch

102. Mr. Labrecque instructed Ms. Johnson that if she did not like it at Sodexo, she should leave.

103. On August 12, 2022, immediately after learning of Ms. Johnson's report to Human Resources, Mr. Labrecque confronted Ms. Johnson on the job, and assaulted her by pulling and holding her arm, while aggressively demanded that Ms. Johnson tell him if she reported him to Human Resources.

104. Ms. Johnson reported her assault on the job by a fellow employee, Mr. Labrecque, to Human Resources and filed a police report with the Winchester Police Department.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page 13 of 14

105. On September 2, 2022, Mr. Labrecque and Mr. Grumbacher approached Ms. Johnson and stated that they were separating Ms. Johnson's employment, effective immediately, and escorted her out of the building with her belongings.

106. Defendant responded to Ms. Johnsons reports of illegal work place sexual harassment, through a series of retaliatory actions that ultimately resulted in her wrongful discharge on September 2, 2022.

107. Defendant violated Virginia public policy and the Virginia Values Act by retaliating against Ms. Johnson and ultimately terminating her employment in response to Ms. Johnson's report of unlawful gender-based discrimination and sexual harassment in the work place.

108. As a result of Defendant's retaliation and wrongful termination, in violation of Virginia public policy and the Virginia Values Act, Ms. Johnson suffered emotional distress and loss of income.

109. As a direct result of these violations, Ms. Johnson is entitled to an award of damages from Defendant for wrongful termination in violation of Virginia public policy and the Virginia Values Act, as stated under the "Bowman exception"

**WHEREFORE, the Plaintiff STACY JOHNSON, respectfully requests that this Court:**

A. Enter judgement in favor of Ms. Johnson and against Defendant for their wrongful termination of Ms. Johnson under the "Bowman exception" and for their conduct in violation of her rights under the Va. Code § 2.2-3905(B); and

B. Award Ms. Johnson compensatory damages in the amount of $350,000.00 including lost wages, back pay, past and future impairment of power to earn money, and emotional distress; and

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page 14 of 14

    C.    Award Ms. Johnson Punitive damages of $350,000.00 against Defendant for their intentional and malicious conduct;

    D.    Enter a permanent injunction against future acts of discrimination against Ms. Johnson;

    E.    Award Ms. Johnson her costs expanded herein, including reasonable attorneys' fees as allowed under the Va. Code § 2.2-3908(B);

    F.    Award Ms. Johnson pre-judgment and post-judgment interests; and

    G.    Award her such other and further relief, as the Court deems just and equitable.

**TRIAL BY JURY IS REQUESTED.**

STACY JOHNSON
By Counsel

SUROVELL ISAACS & LEVY PLC

By: _____
Jason F. Zellman, Esquire (VSB #77499)
4010 University Drive, Second Floor
Fairfax, Virginia 22030
Telephone: 703.277.9704
Facsimile: 703.591.9285
Email: JZellman@SurovellFirm.com
*Counsel for Ms. Johnson*