UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **STACY JOHNSON**, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 5:24-cv-00014-EKD ) |
| **SODEXO, INC.** | ) ) ) |
| Defendant. | ) ) ) |

## ANSWER

Defendant Sodexo, Inc., ("Sodexo" or "Defendant"), by and through its undersigned counsel, hereby Answers the Complaint as follows:

### JURISDICTION AND VENUE

1. Defendant admits that jurisdiction is proper in this Court. Defendant denies the remainder of the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that venue is proper in this Court. Defendant denies the remainder of the allegations in Paragraph 2 of the Complaint.

### PARTIES

3. Defendant admits Plaintiff is an individual. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits it employed Plaintiff in Winchester, Virginia. For purpose of clarity, Defendant does not admit all of "the events described" in the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits that it conducts business in Winchester, Virginia. Defendant denies the remainder of the allegations in Paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendant admits that on Valentine's Day Mr. Labrecque handed out roses to employees in the department. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits that on Valentine's Day Mr. Labrecque handed out roses to employees in the department. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies that "pitbull" is derogatory, gendered language. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27. Plaintiff fails to allege sufficient information regarding the jobs to which she alleges she applied, and therefore, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34. Defendant admits that on August 5, 2022, Plaintiff filed an internal complaint against Mr. Labrecque.  Defendant denies the remainder of the allegations in Paragraph 34 of the Complaint.

35. Defendant admits the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff made a report to Human Resources and filed a police report with the Winchester Police Department.  Defendant denies the remainder of the allegations in Paragraph 37 of the Complaint.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint.

39. Defendant admits that Plaintiff accepted a job outside of Sodexo.  Defendant denies the remainder of the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant admits that Mr. Labrecque remained employed. Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

44. Defendant admits that Mr. Labrecque brought his attorney to Defendant's place of business and that the attorney spoke with employees. Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45. Defendant admits that Ms. Harr spoke with Mr. Labrecque's attorney. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45 of the Complaint.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint.

## COUNT I: VIOLATION OF VA. CODE § 2.2-3905(B)
### (On the Basis of Sex)

47. Defendant incorporates the preceding paragraphs as if set forth fully herein.

48. Paragraph 48 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Plaintiff's summary of the law is incomplete and/or inaccurate.

49. Defendant admits the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint.

54. Defendant admits that on Valentine's Day Mr. Labrecque handed out roses to employees in the department. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Plaintiff's summary of the law is incomplete and/or inaccurate.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

### COUNT II: VIOLATION OF VA. CODE § 2.2-3905(B)
**(On the Basis of Age)**

67. Defendant incorporates the preceding paragraphs as if set forth fully herein.

68. Paragraph 68 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Plaintiff's summary of the law is incomplete and/or inaccurate.

69. Paragraph 69 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Plaintiff's summary of the law is incomplete and/or inaccurate.

70. Defendant admits the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Plaintiff fails to allege sufficient information regarding the jobs to which she alleges she applied, and therefore, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint.

75. Plaintiff fails to allege sufficient information regarding the jobs to which she alleges she applied, or the identity of the individual alleged to have informed Labrecque of the same, and therefore, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint.

76. Plaintiff fails to allege sufficient information regarding the identity of the individual alleged to have made the statements alleged in Paragraph 76 of the Complaint, and therefore, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Complaint.

77. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Complaint,

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant admits that Labrecque did not assault Harr or any other employee. Defendant denies the remainder of the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant admits that Plaintiff made a report to Human Resources and filed a police report with the Winchester Police Department. Defendant denies the remainder of the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies Paragraph 84 of the Complaint.

85. Paragraph 85 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Plaintiff's summary of the law is incomplete and/or inaccurate.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

## COUNT III: WRONGFUL TERMINATION

92. Defendant incorporates the preceding paragraphs as if set forth fully herein.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.

94. Paragraph 94 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Plaintiff's summary of the law is incomplete and/or inaccurate.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

96. Defendant admits that Johnson made reports to Human Resources regarding Labrecque. Defendant denies the remainder of the allegations in Paragraph 96 of the Complaint.

97. Defendant denies the allegations in Paragraph 97 of the Complaint.

98. Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Defendant denies the allegations in Paragraph 99 of the Complaint.

100. Defendant denies the allegations in Paragraph 100 of the Complaint.

101. Defendant denies the allegations in Paragraph 101 of the Complaint.

102. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 of the Complaint.

103. Defendant denies the allegations in Paragraph 103 of the Complaint.

104. Defendant admits that Plaintiff made a report to Human Resources and filed a police report with the Winchester Police Department. Defendant denies the remainder of the allegations in Paragraph 104 of the Complaint.

105. Defendant denies the allegations in Paragraph 105 of the Complaint.

106. Defendant denies the allegations in Paragraph 106 of the Complaint.

107. Defendant denies the allegation in Paragraph 107 of the Complaint.

108. Defendant denies the allegations in Paragraph 108 of the Complaint.

109. Defendant denies the allegations in Paragraph 109 of the Complaint and denies that Plaintiff is entitled to any relief, including but not limited to the relief requested in the WHEREFORE clause following Paragraph 109 of the Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation not expressly admitted to herein.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to file them within the applicable statute of limitations and/or administrative filing periods.

### Third Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust her administrative remedies.

### Fourth Defense

To the extent Plaintiff is claiming entitlement to punitive damages, such a claim must be dismissed because Sodexo did not act with malice or reckless indifference to Plaintiff's rights.

### Fifth Defense

Plaintiff's claims are barred because all actions taken with respect to her employment by Sodexo were based on legitimate, non-discriminatory reasons.

### Sixth Defense

Sodexo acted in good faith and with reasonable grounds for believing its acts or omissions did not violate the law.

**Seventh Defense**

Sodexo would have made the same employment decisions challenged by Plaintiff in this action without regard to Plaintiff's protected characteristics or alleged prior protected activity.

**Eighth Defense**

Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff failed to mitigate her damages, if any.

**Ninth Defense**

Sodexo is not liable for any alleged wrongful action taken by its employees which were taken outside the scope and course of their duties and which were not authorized, condoned, ratified, or otherwise known to Sodexo.

**Tenth Defense**

Plaintiff's damages, if any, are limited by all applicable statutory caps.

**Eleventh Defense**

The Virginia Human Rights Act's private right of action precludes Plaintiff's *Bowman* claim.

**Twelfth Defense**

Plaintiff's claims are barred because Sodexo exercised reasonable care to prevent and promptly correct any sexually harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities or to avoid harm otherwise.

Sodexo reserves its right to add such affirmative and other defenses as become evidence through the course of discovery in this case.

WHEREFORE, Defendant requests that the Court dismiss the Complaint with prejudice, award judgment in its favor, award its attorneys' fees and costs associated with the defense of this action, and award all other just and proper relief.

DATED: March 19, 2024

Respectfully submitted,

*/s/ Eleanor F. Miller*

Eleanor F. Miller (#93675)
Fisher & Phillips LLP
1401 New York Avenue, Suite 400
Washington, DC 20005
Tel. (202) 916-7189
Fax (202) 978-3788
emiller@fisherphillips.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of March, 2024, she caused a true and correct copy of the foregoing Answer to be served on the following individual by uploading it to the Court's electronic filing system:

>Jason F. Zellman, Esq.
>4010 University Drive, Second Floor
>Fairfax, Virginia 22030
>JZellman@SurovellFirm.com
>
>*Attorney for Plaintiff*

>*/s/ Eleanor F. Miller*
>_____
>Eleanor F. Miller