WINCHESTER CIRCUIT            Case No.:CL24000057-00
JOHNSON, STACY                vs.       SODEXO, INC

| TABLE OF CONTENTS | | |
|---|---|---|
| Document Index | Date Filed | Page |
| **Manuscripts:** | | |
| INITIAL FILING - COMPLAINT | 02/05/2024 | 1 - 16 |
| SODEXO, INC. - SPS | 02/05/2024 | 17 - 19 |
| REQUEST - COMPLAINT COPY REQUEST | 02/16/2024 | 20 - 20 |
| NOTICE - OF FILING OF NOTICE OF REMOVAL | 03/15/2024 | 21 - 47 |
| REQUEST - BY USDC WESTERN DISTRICT FOR ORIGINAL CASE | 03/18/2024 | 48 - 49 |

I, William D. Gardner, Clerk of the Winchester Circuit, certify that the contents of the record listed in the table of contents constitute the true and complete record, except for exhibits whose omission are noted in the table of contents.

VIRGINIA:

CIRCUIT COURT FOR THE CITY OF WINCHESTER

| | | |
|---|---|---|
| **STACY JOHNSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **SODEXO, INC.,** | ) | |
| | ) | |
| SERVE: | ) | VALIDATE CASE PAPERS |
| R/A Corporate Creations Network Inc. | ) | RCPT : 24000000853 |
| 425 W Washington Street, #4 | ) | DATE : 02/05/2024 TIME: 11:56 |
| Suffolk, Virginia 23434 | ) | CASE : 840CL24000057-00 |
| | ) | ACCT : JOHNSON, STACY |
| Defendant. | ) | AMT. : $349.00 |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, **STACY JOHNSON** ("Ms. Johnson"), by counsel, and moves for judgment against the Defendant, **SODEXO, INC.** ("Defendant"), on the grounds and amount set forth herein.

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Virginia Code § 8.01-328.1.

2. Venue is appropriate pursuant to Virginia Code § 8.01-262.

### PARTIES

3. Ms. Johnson is an individual and resident of the state of West Virginia.

4. During the events described herein, Defendant employed Ms. Johnson in Winchester, Virginia.

5. Defendant is a business registered to do business in the Commonwealth of Virginia.

1

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page **2** of **14**

6.      Defendant conducts significant business in Winchester, Virginia.

## FACTUAL BACKGROUND

7.      Ms. Johnson was an employee of Defendant for over four (4) years as a Unit

Clerical for Defendant in their dining services contract with Shenandoah University.

8.      Beginning in 2021, Defendant's employee and Ms. Johnson's direct supervisor,

Peter Labrecque, sexually harassed Ms. Johnson on the job.

9.      Beginning in the fall of 2021, Mr. Labrecque, while on the job, began to

repeatedly describe to Ms. Johnson his inability to get erections as a result of the COVID-19

vaccine.

10.     In response, Ms. Johnson told Mr. Labrecque that this was too much information,

and that he should instead talk to a doctor about these sexual issues.

11.     Mr. Labrecque apologized for the conversation and informed Ms. Johnson that he

was seeing someone at Shenandoah University about this issue.

12.     On or around February 11, 2022, while on the job, Mr. Labrecque held up a pizza

board and asked Ms. Johnson if she wanted a "spanky spank."

13.     Ms. Johnson responded that Mr. Labrecque needed to keep that behavior between

him and his wife.

14.     Mr. Labrecque then recounted a sexual encounter with his wife in great detail to

Ms. Johnson.

15.     Mr. Labrecque described to Ms. Johnson and another female coworker, Rachel

arr, a recent incident when he got an erection and chased his wife around the room with it.

16.     Ms. Johnson and Ms. Harr informed Mr. Labrecque that this was inappropriate

and they did not want to hear about it.

2

17.    On February 14, 2022, Valentine's Day, Mr. Labrecque called Ms. Johnson into the catering supply area, alone, gave her a rose, and once again brought up chasing his wife around the room with an erection.

18.    Ms. Johnson reported this incident as well as the previous incidents of sexual harassment to Dave Grumbacher, the Catering Manager.

19.    On February 14, 2022, Valentine's Day, Mr. Labrecque called Ms. Harr into his office alone, gave her a rose, and once again brought up chasing his wife around the room with an erection.

20.    Ms. Harr reported this incident as well as the previous incidents of sexual harassment to Donald Hawkins, the Head Chef and Kitchen Manager.

21.    Defendant did not take any action to stop the harassment in response to Ms. Johnson or Ms. Harr's reports.

22.    In the summer of 2022, Mr. Labrecque made sexual comments and innuendos to Ms. Johnson, saying that she did not look like she had been "driven that hard."

23.    Ms. Johnson responded to these comments with visible distress and anger, while Mr. Labrecque laughed at Ms. Johnson's humiliation.

24.    Ms. Harr witnessed this incident.

25.    In the summer of 2022, Mr. Labrecque referred to Ms. Johnson with derogatory, gendered language, calling her a "pitbull."

26.    Numerous managers witnessed this incident and did not intercede.

27.    During the summer of 2022, Ms. Johnson applied for three (3) positions with Sodexo to work remotely to avoid her harasser, Mr. Labrecque.

28.     Defendant did not select Ms. Johnson for any of these positions and notified Mr. Labrecque that Ms. Johnson applied for other positions.

29.     With the knowledge that Ms. Johnson applied to other positions, Mr. Labrecque confronted Ms. Johnson asking why Ms. Johnson wanted to move positions.

30.     Ms. Johnson responded to Mr. Labrecque that she was applying to other positions because she was uncomfortable working with Mr. Labrecque based on the inappropriate things he would discuss and do on the job, she was tired of Mr. Labrecque cutting her hours and revoking her holiday pay disproportionately to other employees, she was frustrated that Mr. Labrecque only made her clock out for lunch while allowing most or all other employees to remain on the clock for lunch, and she was acting in accordance with his instruction that if she did not like it here, she should leave.

31.     Mr. Labrecque apologized in response to Ms. Johnson's grievances.

32.     After Ms. Johnson departed, Mr. Labrecque told Ms. Harr that it was Ms. Johnson and Ms. Harr's fault that he made sexual comments on the job.

33.     After this incident, Mr. Labrecque told Ms. Harr that she needed to stop barking like Ms. Johnson.

34.     On August 5, 2022, Ms. Johnson contacted Human Resources and filed a complaint against Mr. Labrecque since Defendant had not stopped the harassment following her report to Mr. Grumbacher.

35.     On August 12, 2022, Mr. Labrecque's supervisor, John Teeple, and Human Resources had a phone conferences with Mr. Labrecque regarding Ms. Johnson's Human Resources report.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page **5** of **14**

36.     On August 12, 2022, immediately following the phone conference, Mr. Labrecque confronted Ms. Johnson on the job, assaulted Ms. Johnson, pulled and held her arm, and demanded that Ms. Johnson tell him if she reported him to Human Resources since he would find out who it was eventually.

37.     Ms. Johnson reported Mr. Labrecque's work place assault to Human Resources and filed a police report with the Winchester Police Department.

38.     August 24, 2022, Ms. Johnson contacted Shenandoah University's Assistant General Counsel and Title IX Coordinator, Peter Kronemeyerm, about her harassment and assault.

39.     On September 2, 2022, Ms. Johnson informed Mr. Labrecque and Human Resources that she would soon be accepting a new job outside of Sodexo to avoid her harasser.

40.     On September 2, 2022, Mr. Labrecque and Mr. Grumbacher approached Ms. Johnson and stated that they were separating Ms. Johnson's employment, effective immediately, and escorted her and her belonging out of the building.

41.     Despite her outstanding performance record, Ms. Johnson did not receive an opportunity to transfer within Sodexo or work remotely despite the fact that she applied to several available positions.

42.     Ms. Johnson was not given any reason for her termination.

43.     Defendant retained Mr. Labrecque as an employee, despite the fact that he has received multiple reports of sexual harassment and assaulted an employee on the job.

44.     Following Ms. Johnson's separation of employment, Defendant allowed Mr. Labrecque to bring his attorney to the Defendant's place of business and question employees while on the job regarding Ms. Johnson and her allegations of harassment and assault.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page **6** of **14**

45.     Following Ms. Johnson's separation of employment, Mr. Labrecque approached

Ms. Harr on the job and attempted to coerce her into making a written statement about her

account of Ms. Johnson's harassment and assault, offering Ms. Harr a pay raise in exchange for

Ms. Harr to write a statement sympathetic toward Mr. Labrecque.

46.     Ms. Harr refused Mr. Labrecque's offer.

### COUNT I: VIOLATION OF VA. CODE § 2.2-3905(B)
### (On the Basis of Sex)

47.     Ms. Johnson incorporates all prior allegations.

48.     Va. Code § 2.2-3905(B) states that "[i]t is an unlawful discriminatory practice for

[a]n employer to [f]ail or refuse to hire, discharge, or otherwise discriminate against any

individual with respect to such individual's compensation, terms, conditions, or privileges of

employment because of such individual's . . . sex."

49.     Ms. Johnson is a woman.

50.     Defendant subjected Ms. Johnson to demeaning conduct, language, and physical harm

by and through its agents and employees.

51.     In or around the fall of 2021, Mr. Labrecque repeatedly described his inability to

get erections as a result of the COVID-19 vaccine to Ms. Johnson on the job.

52.     On or around February 11, 2022, while on the job Mr. Labrecque held up a pizza

board to Ms. Johnson and asked if Ms. Johnson wanted a "spanky spank."

53.     Mr. Labrecque described to Ms. Johnson and another female coworker, Rachel

Harr, a recent incident when he got an erection and chased his wife around the room with it.

54.     On February 14, 2022, Valentine's Day, Mr. Labrecque called Ms. Johnson into his office alone, gave her a rose, and once again brought up chasing his wife around the room with an erection.

55.     In the summer of 2022, Mr. Labrecque made sexual comments and innuendos to Ms. Johnson, saying that she did not look like she had been "driven that hard."

56.     In the summer of 2022, Mr. Labrecque referred to Ms. Johnson as a "pitbull."

57.     Mr. Labrecque accused Ms. Johnson of "barking."

58.     On August 12, 2022, Mr. Labrecque assaulted Ms. Johnson. Specifically, he pulled and held her arm because Mrs. Johnson reported Mr. Labrecque's sexual harassment to Human Resources.

59.     Ms. Johnson was belittled, humiliated, and assaulted by Defendant on the basis of her sex when she was exposed to the aforementioned discriminatory conduct.

60.     Va. Code § 2.2-3905(B) makes it unlawful to allow sex to be a motivating factor for any employment practice.

61.     During the course of Ms. Johnson's employment, Defendant, by and through its agents and employees, discriminated against Ms. Johnson in the compensation, terms, conditions, and privileges of her employment in various ways, in substantial part because of her sex, in violation of Va. Code § 2.2-3905(B).

62.     The above described unwelcome sex discrimination throughout Ms. Johnson's employment interfered with Ms. Johnson's physical and emotional well-being as well as her ability to earn money.

63.     As a result of the hostile, offensive and discriminatory behavior by Defendant, and its agents and employees, and the failure of Defendant to protect Ms. Johnson from such discrimination and

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page **8** of 14

assault, Ms. Johnson suffered humiliation, emotional stress and physical pain.

64. Defendant, through its agents and/or employees failed to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act as described above with respect to the sex discrimination suffered by Ms. Johnson.

65. Defendant failed to take all necessary and reasonable steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

66. Because Defendant violated Va. Code § 2.2-3905(B), as described above, Ms. Johnson has retained counsel, in an effort to protect her rights with respect to work environment and hiring/firing practices maintained by Defendant. As a result of retaining legal counsel because of Defendant's actions, Ms. Johnson has incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Ms. Johnson.

## COUNT II: VIOLATION OF VA. CODE § 2.2-3905(B)
### (On the Basis of Age)

67. Ms. Johnson incorporates all prior allegations.

68. Va. Code § 2.2-3905(B) states that "[i]t is an unlawful discriminatory practice for [a]n employer to [f]ail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's . . . age."

69. Va. Code § 2.2-3905(B) protects employees 40 years old and older.

70. At the time Ms. Johnson began her tenure with Defendant, she was 53 years old.

71. Defendant subjected Ms. Johnson to demeaning conduct, language, and physical harm by and through its agents and employees.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page **9** of **14**

72.     In the summer of 2022, Mr. Labrecque made sexual comments and innuendo to Ms. Johnson, saying that she did not look like she had been "driven that hard."

73.     Ms. Johnson responded to this comment with visibly distress and anger. Mr. Labrecque laughed at Ms. Johnson's humiliation.

74.     During the summer of 2022, Ms. Johnson applied for three (3) positions with Sodexo to work remotely to avoid her harasser, Mr. Labrecque.

75.     Defendant did not select Ms. Johnson for these positions and notified Mr. Labrecque that Ms. Johnson applied for other positions.

76.     In response to Ms. Johnson's inquiry regarding an entry level marketing position, Defendant discouraged Ms. Johnson from applying, stating that she would be required to work more than sixty (60) hours each week.

77.     Ms. Harr, a thirty (30) year old employee who received this position was never informed of any such sixty-hour workweek, nor has Ms. Harr had to regularly work sixty hours a week.

78.     Defendant took action to discourage Ms. Johnson from applying to the entry level marketing position because of her age.

79.     On August 12, 2022, immediately after learning of Ms. Johnson's report to Human Resources, Mr. Labrecque confronted Ms. Johnson on the job, assaulted Ms. Johnson, pulled and held her arm, and demanded that Ms. Johnson tell him if she reported him to Human Resources since he would find out who it was eventually.

80.     Mr. Labrecque did not assault the other, younger employees, including Ms. Harr, who had also reported him.

81.    Upon information and belief, Mr. Labrecque targeted Ms. Johnson while on the job for physical violence and retaliation because of her age.

82.    Ms. Johnson reported her assault on the job by a fellow employee, Mr. Labrecque, to Human Resources and filed a police report with Winchester Police Department.

83.    On September 2, 2022, Mr. Labrecque and Mr. Grumbacher approached Ms. Johnson and stated that they were separating Ms. Johnson's employment, effective immediately, and escorted her out of the building with her belongings.

84.    Ms. Johnson was belittled, humiliated, and assaulted by Defendant on the basis of her age when she was exposed to the aforementioned discriminatory conduct.

85.    Va. Code § 2.2-3905(B) makes it unlawful to allow age to be a motivating factor for any employment practice.

86.    During the course of Ms. Johnson's employment, Defendant, by and through its agents and employees, discriminated against Ms. Johnson in the compensation, terms, conditions, and privileges of her employment in various ways, in substantial part because of her age, in violation of Va. Code § 2.2-3905(B).

87.    The above described unwelcome age discrimination throughout Ms. Johnson's employment interfered with Ms. Johnson's physical and emotional well-being as well as her ability to earn money.

88.    As a result of the hostile, offensive, and discriminatory behavior by Defendant, and its agents and employees, and the failure of Defendant to protect Ms. Johnson from such discrimination and assault, Ms. Johnson suffered humiliation, emotional stress and physical pain.

89.    Defendant, through its agents and/or employees failed to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act as described above with respect

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page **11** of **14**

to the age discrimination suffered by Ms. Johnson.

90.     Defendant failed to take all necessary and reasonable steps to eliminate age

discrimination from the workplace and to prevent it from occurring in the future.

91.     As a further direct and proximate cause of Defendant's violation of Va. Code § 2.2-

3905(B) as described above, Ms. Johnson has been compelled to retain the services of counsel in an

effort to protect her rights with respect to work environment and hiring/firing practices maintained by

Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and

extent of which are presently unknown to Ms. Johnson.


## COUNT III: WRONGFUL TERMINATION (BOWMAN CLAIM)

92.     Ms. Johnson incorporates all prior allegations.

93.     Ms. Johnson was wrongfully discharged by Defendant for reporting illegal sexual

harassment taking place on the job.

94.     An employee may bring a wrongful termination claim if the "termination violates

Virginia's public policy," which is known as the "Bowman exception." Lester v. TMG, Inc., 896

F. Supp. 2d 483, 487 (E.D. Va. 2012) (citing Bowman v. State Bank of Keysville, 229 Va. 534,

539–40, 331 S.E.2d 797, 801 (1985)).

95.     Terminating Ms. Johnson for reporting unlawfully work place sexual harassment

violates Virginia's public policy and the Virginia Values Act. Specifically, these violations

undermine Virginia public policy interests, for preventing sex based discrimination in the work

place.

96.     Ms. Johnson approached a superior, Dave Grumbacher, as well as Human Resources to

report and seek intervention to stop the unlawful sex-based discrimination and sexual harassment she

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page **12** of **14**

was facing at the hands of Mr. Labrecque.

97.     Ms. Johnson spoke with a Human Resources representative who informed her that a

case would be opened, yet Defendant failed to conduct a substantive investigation or take any mitigating

action.

98.     Following Ms. Johnson's reports, Defendant, by its employees and agents, subjected

Ms. Johnson to escalating sexual harassment and discrimination. Defendant further harmed Ms. Johnson

by cutting her hours, revoking her holiday pay, denying her job applications to avoid her harasser, and

by telling her that if she did not like it at the company, she should leave.

99.     Ms. Johnson was not afforded an opportunity to transfer within Sodexo or work

remotely, despite the fact that she applied for several open positions.

100.    Mr. Labrecque cut Ms. Johnson's hours and revoked her holiday pay

disproportionately to other employees.

101.    Mr. Labrecque made Ms. Johnson clock out for lunch while allowing most or all other

employees to remain on the clock for lunch

102.    Mr. Labrecque instructed Ms. Johnson that if she did not like it at Sodexo, she should

leave.

103.    On August 12, 2022, immediately after learning of Ms. Johnson's report to

Human Resources, Mr. Labrecque confronted Ms. Johnson on the job, and assaulted her by

pulling and holding her arm, while aggressively demanded that Ms. Johnson tell him if she

reported him to Human Resources.

104.    Ms. Johnson reported her assault on the job by a fellow employee, Mr.

Labrecque, to Human Resources and filed a police report with the Winchester Police

Department.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page **13** of 14

105.     On September 2, 2022, Mr. Labrecque and Mr. Grumbacher approached Ms. Johnson and stated that they were separating Ms. Johnson's employment, effective immediately, and escorted her out of the building with her belongings.

106.     Defendant responded to Ms. Johnsons reports of illegal work place sexual harassment, through a series of retaliatory actions that ultimately resulted in her wrongful discharge on September 2, 2022.

107.     Defendant violated Virginia public policy and the Virginia Values Act by retaliating against Ms. Johnson and ultimately terminating her employment in response to Ms. Johnson's report of unlawful gender-based discrimination and sexual harassment in the work place.

108.     As a result of Defendant's retaliation and wrongful termination, in violation of Virginia public policy and the Virginia Values Act, Ms. Johnson suffered emotional distress and loss of income.

109.     As a direct result of these violations, Ms. Johnson is entitled to an award of damages from Defendant for wrongful termination in violation of Virginia public policy and the Virginia Values Act, as stated under the "Bowman exception"

**WHEREFORE, the Plaintiff STACY JOHNSON, respectfully requests that this Court:**

A.     Enter judgement in favor of Ms. Johnson and against Defendant for their wrongful termination of Ms. Johnson under the "Bowman exception" and for their conduct in violation of her rights under the Va. Code § 2.2-3905(B); and

B.     Award Ms. Johnson compensatory damages in the amount of $350,000.00 including lost wages, back pay, past and future impairment of power to earn money, and emotional distress; and

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page **14** of 14

      C.      Award Ms. Johnson Punitive damages of $350,000.00 against Defendant for their

intentional and malicious conduct;

      D.      Enter a permanent injunction against future acts of discrimination against Ms.

Johnson;

      E.      Award Ms. Johnson her costs expanded herein, including reasonable attorneys'

fees as allowed under the Va. Code § 2.2-3908(B);

      F.      Award Ms. Johnson pre-judgment and post-judgment interests; and

      G.      Award her such other and further relief, as the Court deems just and equitable.

**TRIAL BY JURY IS REQUESTED.**

                                          STACY JOHNSON
                                          By Counsel

SUROVELL ISAACS & LEVY PLC

By:_____
      Jason F. Zellman, Esquire (VSB #77499)
      4010 University Drive, Second Floor
      Fairfax, Virginia 22030
      Telephone: 703.277.9704
      Facsimile: 703.591.9285
      Email: JZellman@SurovellFirm.com
      *Counsel for Ms. Johnson*

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. .................................................
(CLERK'S OFFICE USE ONLY)

........................ Winchester ........................ Circuit Court

Stacy Johnson ................................ v./*In re*: ........................ Sodexo, Inc.
PLAINTIFF(S)                                                          DEFENDANT(S)

...........................................................................................................................

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Counterclaim
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court

**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
  [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW
[ ] Appeal/Judicial Review of Decision of (select one)
  [ ] ABC Board
  [ ] Board of Zoning
  [ ] Compensation Board
  [ ] DMV License Suspension
  [ ] Employee Grievance Decision
  [ ] Employment Commission
  [ ] Local Government
  [ ] Marine Resources Commission
  [ ] School Board
  [ ] Voter Registration
  [ ] Other Administrative Appeal

## DOMESTIC/FAMILY
[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
  [ ] Separate Maintenance Counterclaim

## WRITS
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
[ ] Accounting
[ ] Aid and Guardian
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
  [ ] Impress/Declare/Create
  [ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

## MISCELLANEOUS
[ ] Amend Birth/Death Certificate
[ ] Appointment (select one)
  [ ] Church Trustee
  [ ] Conservator of Peace
  [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[X] Other (please specify)
  VA Code 2.2-3900 et seq.

[X] Damages in the amount of $ 700,000.00 ............ are claimed.

1/30/2024
DATE

[ ] PLAINTIFF [ ] DEFENDANT [X] ATTORNEY FOR [X] PLAINTIFF [ ] DEFENDANT

Jason F. Zellman, Esq.
PRINT NAME

Surovell Isaacs & Levy PLC
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

4010 University Drive, 2nd Floor, Fairfax, Virginia, 22030

JZellman@surovellfirm.com / 703-277-9704
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

FORM CC-1416 (MASTER) PAGE ONE 02/23

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

2024 FEB -5 PM 12:59
WINCHESTER CIRCUIT COURT
WILLIAM ... CLERK
FILED

15

## Civil Action Type Codes
### (Clerk's Office Use Only)

Accounting ...................................................... ACCT
Adoption .......................................................... ADOP
Adoption – Foreign ......................................... FORA
Adult Protection .............................................. PROT
Aid and Guidance ............................................... AID
Amend Birth/Death Certificate ........................... AVR
Annexation ...................................................... ANEX
Annulment ...................................................... ANUL
Annulment – Counterclaim/Responsive Pleading .. ACRP
Appeal/Judicial Review
   ABC Board ..................................................... ABC
   Board of Zoning ........................................... ZONE
   Compensation Board ................................... ACOM
   DMV License Suspension ..................................... JR
   Employment Commission ................................ EMP
   Employment Grievance Decision ..................... GRV
   Local Government ......................................... GOVT
   Marine Resources ........................................... MAR
   School Board ...................................................... JR
   Voter Registration ......................................... AVOT
   Other Administrative Appeal .......................... AAPL
Appointment
   Conservator of Peace ....................................... COP
   Church Trustee ............................................. AOCT
   Custodian/Successor Custodian (UTMA) ..... UTMA
   Guardian/Conservator .................................. APPT
   Marriage Celebrant ...................................... ROMC
Approval of Transfer of Structured Settlement ....... SS
Asbestos Litigation ............................................... AL
Attachment ...................................................... ATT
Bond Forfeiture Appeal ....................................... BFA
Child Abuse and Neglect – Unfounded Complaint .. CAN
Civil Contempt ............................................... CCON
Claim Impleading Third Party Defendant –
   Monetary Damages/No Monetary Damages ..... CTP
Complaint – (Miscellaneous) ............................ COM
Compromise Settlement ................................ COMP
Condemnation .............................................. COND
Confessed Judgment ............................................ CJ
Contract Action ............................................. CNTR
Contract Specific Performance ........................ PERF
Counterclaim – Monetary Damages/No Monetary
   Damages ........................................................... CC
Cross Claim .................................................... CROS
Declaratory Judgment .................................... DECL
Declare Death ................................................ DDTH
Detinue ............................................................ DET
Divorce
   Complaint – Contested/Uncontested .............. DIV
   Counterclaim/Responsive Pleading ............. DCRP
   Reinstatement – Custody/Visitation/Support/
   Equitable Distribution ................................... CVS
Driving Privileges
   Reinstatement pursuant to § 46.2-427 ......... DRIV
   Restoration – 3rd Offense ............................. REST

Ejectment ......................................................... EJET
Encumber/Sell Real Estate ..................................... RE
Enforce Vendor's Lien ...................................... VEND
Escheatment ...................................................... ESC
Establish Boundaries ......................................... ESTB
Expungement .................................................. XPUN
Forfeiture of Property or Money ...................... FORF
Freedom of Information ........................................ FOI
Garnishment ................................................. GARN
Injunction ........................................................... INJ
Intentional Tort .............................................. ITOR
Interdiction ....................................................... INTD
Interpleader ..................................................... INTP
Interrogatory .................................................... INTR
Judgment Lien – Bill to Enforce ...................... LIEN
Landlord/Tenant ..................................................... LT
Law Enforcement/Public Official Petition .......... LEP
Mechanics Lien ............................................. MECH
Medical Malpractice ........................................ MED
Motor Vehicle Tort ............................................ MV
Name Change ...................................................... NC
Other General Tort Liability ............................ GTOR
Partition .......................................................... PART
Permit, Unconstitutional Grant/Denial by Locality LUC
Petition – (Miscellaneous) .................................. PET
Product Liability ............................................. PROD
Quiet Title .......................................................... QT
Referendum Elections ...................................... ELEC
Reinstatement (Other than divorce or driving
   privileges) ..................................................... REIN
Removal of Case to Federal Court ..................... REM
Restore Firearms Rights – Felony .................... RFRF
Restore Firearms Rights – Review .................. RFRR
Separate Maintenance ........................................ SEP
Separate Maintenance – Counterclaim/Responsive
   Pleading ...................................................... SCRP
Sever Order ..................................................... SEVR
Sex Change ........................................................ COS
Taxes
   Correct Erroneous State/Local ..................... CTAX
   Delinquent .................................................. DTAX
Termination of Mineral Rights .......................... MIN
Trust – Impress/Declare/Create ....................... TRST
Trust – Reformation ......................................... REFT
Uniform Foreign Country Money Judgments .... RFCJ
Unlawful Detainer ............................................... UD
Vehicle Confiscation ......................................... VEH
Violation – Election Law ................................... VEL
Voting Rights – Restoration ............................ VOTE
Will Construction ........................................... CNST
Will Contested ................................................ WILL
Writs
   Certiorari ......................................................... WC
   Habeas Corpus ............................................. WHC
   Mandamus ....................................................... WM
   Prohibition ...................................................... WP
   Quo Warranto ............................................. WQW
Wrongful Death ................................................. WD

# Affidavit of Service

| |
|---|
| X Standard _ Rush      Case # 840CL24000057-00 |
| Attorney: Jason Zellman |
| Firm: Surovell Isaacs Levy |
| Style: Stacy Johnson v. Sodexo, Inc. |
| Reference # |

**Service by Private Process**

I, the undersigned _William Ford_ do hereby certify that I am over eighteen years of age, am not a party to or otherwise interested in the subject matter in controversy, and I further attest that on the _26th_ day of _Feb_, 2024, at _8:00 am_ (am / pm) I served:

### Sodexo, Inc.
### Serve: Corporate Creations Network, Inc., Registered Agent '
### 425 W Washington Street, Ste 4
### Suffolk, VA 23434

the attached:

O  Subpoena Duces Tecum        O  Witness Subpoena        **X  Summons & Complaint**

O  Motion for Judgment          O  Warrant in Debt          O  Other: _____

o  Personal Service: _____

X  Registered Agent: _____

Being unable to make personal service, a copy was delivered in the following manner:

o  Delivered to person found in charge of the usual place of business or employment during business hours and giving information of its purport,
   - Name and Title: _____

o  Delivered to a family member, not a temporary sojourner or guest, aged sixteen or older, at the usual place of abode of the above named party,
   - Individual Name: _____

o  Posted on the front door or other such entrance as appears to be the main entrance

o  Not Found / Unable to Serve

## Process Server:

Notes: _____

Attempt(s): _____

_____

2024 MAR -8 PM 12: 27
FILED CIRCUIT COURT

Subscribed and sworn to before me this _22_ day of _Feb_, 2024, by _William Ford_, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

**Notary Public for the Commonwealth of Virginia**

**City of Richmond**

**My Commission Expires:** _May 2025_

*Signature of Notary Public*

JUSTIN GREGORY LLOYD
NOTARY PUBLIC
REG # 7208663
MY COMMISSION EXPIRES
5/31/2025
COMMONWEALTH OF VIRGINIA

17



**CORPORATE CREATIONS®**

Part of the Computershare Group

### Registered Agent Agreement
### and Authorization of Authority

I, Veronica C. Valega, Operations Director of Corporate Creations Network Inc. and United Agent Group Inc., do hereby authorize Suffolk Executive Offices, and all of its staff, including but not limited to Richard Chaing, AND / OR Mrs. Shelby Derrick to accept and mail all documents, including any and all court documents served or delivered by the court, private server, sheriff, courier, or otherwise on behalf of each business and each business entity represented by Corporate Creations Network Inc. and United Agent Group Inc.

This authorization includes signing on behalf of Corporate Creations Network Inc., and United Agent Group Inc. to accept all mail and documents, including court documents served or delivered by the court, private server, sheriff, courier, or otherwise to 425 West Washington Street #4, Suffolk, VA 23434.

This affidavit is valid until the next issued affidavit or until December 31, 2022, whichever comes sooner.

HEREBY SEEN AND AGREED:

_____        _____2/21/2022_____
Veronica C. Valega                              DATE
Operations Director
Corporate Creations Network Inc.
United Agent Group Inc.

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this _21_ day of _February_ 2022 by the above named signatory, who is personally known to me or who produced a drivers license or passport as identification and who did take an oath.

_____
Signature of Notary Public

Notary Public State of Florida
Angela Calderon
My Commission HH 094478
Expires 02/17/2025

Stamp of Notary Public

18

# COMMONWEALTH OF VIRGINIA



### WINCHESTER CIRCUIT COURT
Civil Division
5 NORTH KENT STREET
WINCHESTER  VA
(540) 667-5770

Proof of Service

Virginia:
In the WINCHESTER CIRCUIT COURT

Case number: 840CL24000057-00
Service number: 001
Service filed: February 05, 2024
Judge:

Served by: SPECIAL PROCESS SERVER
Style of case: STACY JOHNSON  vs SODEXO, INC
Service on: SODEXO, INC.
    R/A CORPORATE CREATIONS
    NETWORK INC.
    425 W WASHINGTON STREET, #4
    SUFFOLK VA 23434

Attorney: ZELLMAN, JASON F
    4010 UNIVERSITY DRIVE
    SECOND FLOOR
    FAIRFAX VA 22030

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, February 05, 2024 with a copy of the
Complaint filed Monday, February 05, 2024 attached.

Hearing date  :
Service issued: Monday, February 05, 2024

## For Sheriff Use Only



**David W. Hearn**
Attorney

Direct: (804) 783-7285
DHearn@SandsAnderson.com

RICHMOND | CHRISTIANSBURG | FREDERICKSBURG
DURHAM | WILLIAMSBURG

SANDSANDERSON.COM

919 East Main Street
Post Office Box 1998
Richmond, VA 23218-1998
Main: (804) 648-1636
Fax: (804) 783-7291

February 15, 2024

**BY OVERNIGHT DELIVERY**
Hon. William D. Gardner
Winchester Circuit Court
The Judicial Center
5 North Kent Street
Winchester, VA 22601

      Re:    *Stacy Johnson v. Sodexo, Inc.*
             Case No.:  CL24000057-00

Dear Mr. Gardner:

      Please provide me with a copy of the Complaint in the above-referenced case.  I have enclosed a UPS return envelope and check in the amount of $8.00 for your copy fee.

      Thank you for your assistance.  If you have any questions, or need additional information, please do not hesitate to contact me.

                    Sincerely,

                    David W. Hearn

DWH/jfk
Enclosure

20

VIRGINIA:

### CIRCUIT COURT FOR THE CITY OF WINCHESTER

|  |  |  |
|---|---|---|
| **STACY JOHNSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 840CL24000057-00 |
| | ) | |
| **SODEXO, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on March 12, 2024, Defendant Sodexo, Inc. filed a

notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446, in the United States District

Court for Western District of Virginia, Harrisonburg Division, to effect the removal of this

action to federal court. Accordingly, no further proceedings should be had on this matter in

this Court. A copy of the notice of removal is attached as **Exhibit A**.

DATED: March 12, 2024

Respectfully submitted,

Eleanor F. Miller (#93675)
Fisher & Phillips LLP
1401 New York Avenue, Suite 400
Washington, DC 20005
Tel. (202) 429-3706
Fax (202) 978-3788
emiller@fisherphillips.com

*Counsel for Defendant*

21

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 12th day of March, 2024, she caused a true and correct copy of the foregoing Notice of Filing of Notice of Removal to be served on the following individual by electronic mail and by United States mail, postage prepaid:

> Jason F. Zellman
> 4010 University Drive, Second Floor
> Fairfax, Virginia 22030
> (ph) 73-277-9704
> (email) JZellman@SurovellFirm.com

*Attorney for Plaintiff*

Eleanor F. Miller

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**( HARRISONBURG DIVISION)**

| | |
|---|---|
| **STACY JOHNSON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **SODEXO, INC.** | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action No.   5:24-cv-00014

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant
Sodexo, Inc. hereby removes this action from the Circuit Court for the City of Winchester, Virginia
to the United States District Court for the  Western District of Virginia, Harrisonburg Division.
The grounds for removal are as follows:

## PROCEEDINGS IN STATE COURT AND TIMELINESS OF REMOVAL

1.      Plaintiff Stacy Johnson ("Johnson") filed a civil action in the Circuit Court for the
City of Winchester, Virginia entitled Stacy Johnson v. Sodexo, Inc., which was assigned Civil
Action No. 840CL24000057-00 ("State Lawsuit").

2.      On February 20, 2024, Defendant was served with the summons and Complaint in
the State Lawsuit.

3.      Copies of all process, pleadings, and orders served upon Defendant in the State
Lawsuit are attached hereto as Exhibit 1.

23

4.      This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claims for relief upon which the state court action is based.  See 28 U.S.C. § 1446(b)(1).

## JURISDICTION

5.      This matter is a civil action over which this District Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

### Diversity of Citizenship

6.      Johnson is a citizen of West Virginia.  (See Compl. ¶ 3.)

7.      Sodexo, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in North Bethesda, Maryland.  (See Declaration of Joan McGlockton, attached hereto as Exhibit 2, at ¶ 3.)  Accordingly, Sodexo, Inc. is a citizen of Delaware and Maryland.  See 28 U.S.C. § 1332(c)(1).

8.      The parties are therefore diverse of citizenship as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### Amount in Controversy

9.      Johnson alleges damages of more than $700,000.  (See Compl. at WHEREFORE Clause.)  That sum is deemed the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2). Accordingly, the amount in controversy required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) is satisfied.

## PROCEDURAL MATTERS

10.     Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 2 of the Western District of Virginia, the United States District Court for the Western District of Virginia, Harrisonburg Division is the appropriate court and division to which to remove this action from the Circuit Court for the City of Winchester, Virginia, where the action was filed.

11.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Circuit Court for the City of Winchester, Virginia.

WHEREFORE, Defendant respectfully requests that this action be removed to this Court and that it be placed on the docket of this Court for all further proceedings.

DATED: March 12, 2024                          Respectfully submitted,

*/s/ Eleanor F. Miller*

Eleanor F. Miller
Virginia Bar Number: 93675
Attorney for Defendant
Fisher & Phillips LLP
1401 New York Avenue, Suite 400
Washington, DC 20005
Tel. (202) 429-3706
Fax (202) 978-3788
emiller@fisherphillips.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of March, 2024, she caused a true and correct copy of the foregoing Notice of Removal to be served on the following individual by electronic mail and by United States mail, postage prepaid:

> Jason F. Zellman, Esq.
> 4010 University Drive, Second Floor
> Fairfax, Virginia 22030
> JZellman@SurovellFirm.com
>
> *Attorney for Plaintiff*

*/s/ Eleanor F. Miller*

Eleanor F. Miller

# EXHIBIT 1

*SERVE*

# COMMONWEALTH OF VIRGINIA



### WINCHESTER CIRCUIT COURT
Civil Division
5 NORTH KENT STREET
WINCHESTER VA
(540) 667-5770

**Summons**

To: SODEXO, INC.
R/A CORPORATE CREATIONS
NETWORK INC.
425 W WASHINGTON STREET, #4
SUFFOLK VA 23434

Case No. 840CL24000057-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on Monday, February 05, 2024

Clerk of Court: WILLIAM D GARDNER

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: ZELLMAN, JASON F
4010 UNIVERSITY DRIVE
SECOND FLOOR
FAIRFAX VA 22030

28

**V I R G I N I A:**

CIRCUIT COURT FOR THE CITY OF WINCHESTER

STACY JOHNSON,                    )
                                  )
                    Plaintiff,    )
                                  )
          v.                      )          Case No.
                                  )
SODEXO, INC.,                     )
                                  )          VALIDATE CASE PAPERS
SERVE:                            )          RCPT : 24000000953
R/A Corporate Creations Network Inc. )       DATE : 02/05/2024 TIME: 11:56
425 W Washington Street, #4       )          CASE : B40CL24000057-00
Suffolk, Virginia 23434           )          ACCT : JOHNSON, STACY
                                  )          AMT. : $349.00
                    Defendant.    )

## COMPLAINT

COMES NOW the Plaintiff, STACY JOHNSON ("Ms. Johnson"), by counsel, and

moves for judgment against the Defendant, SODEXO, INC. ("Defendant"), on the grounds and

amount set forth herein.

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to Virginia Code § 8.01-328.1.

2.     Venue is appropriate pursuant to Virginia Code § 8.01-262.

### PARTIES

3.     Ms. Johnson is an individual and resident of the state of West Virginia.

4.     During the events described herein, Defendant employed Ms. Johnson in

Winchester, Virginia.

5.     Defendant is a business registered to do business in the Commonwealth of

Virginia.

29

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
*Page 2 of 14*

6.      Defendant conducts significant business in Winchester, Virginia.

### FACTUAL BACKGROUND

7.      Ms. Johnson was an employee of Defendant for over four (4) years as a Unit Clerical for Defendant in their dining services contract with Shenandoah University.

8.      Beginning in 2021, Defendant's employee and Ms. Johnson's direct supervisor, Peter Labrecque, sexually harassed Ms. Johnson on the job.

9.      Beginning in the fall of 2021, Mr. Labrecque, while on the job, began to repeatedly describe to Ms. Johnson his inability to get erections as a result of the COVID-19 vaccine.

10.     In response, Ms. Johnson told Mr. Labrecque that this was too much information, and that he should instead talk to a doctor about these sexual issues.

11.     Mr. Labrecque apologized for the conversation and informed Ms. Johnson that he was seeing someone at Shenandoah University about this issue.

12.     On or around February 11, 2022, while on the job, Mr. Labrecque held up a pizza board and asked Ms. Johnson if she wanted a "spanky spank."

13.     Ms. Johnson responded that Mr. Labrecque needed to keep that behavior between him and his wife.

14.     Mr. Labrecque then recounted a sexual encounter with his wife in great detail to Ms. Johnson.

15.     Mr. Labrecque described to Ms. Johnson and another female coworker, Rachel arr, a recent incident when he got an erection and chased his wife around the room with it.

16.     Ms. Johnson and Ms. Harr informed Mr. Labrecque that this was inappropriate and they did not want to hear about it.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
*Page 3 of 14*

17.     On February 14, 2022, Valentine's Day, Mr. Labrecque called Ms. Johnson into the catering supply area, alone, gave her a rose, and once again brought up chasing his wife around the room with an erection.

18.     Ms. Johnson reported this incident as well as the previous incidents of sexual harassment to Dave Grumbacher, the Catering Manager.

19.     On February 14, 2022, Valentine's Day, Mr. Labrecque called Ms. Harr into his office alone, gave her a rose, and once again brought up chasing his wife around the room with an erection.

20.     Ms. Harr reported this incident as well as the previous incidents of sexual harassment to Donald Hawkins, the Head Chef and Kitchen Manager.

21.     Defendant did not take any action to stop the harassment in response to Ms. Johnson or Ms. Harr's reports.

22.     In the summer of 2022, Mr. Labrecque made sexual comments and innuendos to Ms. Johnson, saying that she did not look like she had been "driven that hard."

23.     Ms. Johnson responded to these comments with visible distress and anger, while Mr. Labrecque laughed at Ms. Johnson's humiliation.

24.     Ms. Harr witnessed this incident.

25.     In the summer of 2022, Mr. Labrecque referred to Ms. Johnson with derogatory, gendered language, calling her a "pitbull."

26.     Numerous managers witnessed this incident and did not intercede.

27.     During the summer of 2022, Ms. Johnson applied for three (3) positions with Sodexo to work remotely to avoid her harasser, Mr. Labrecque.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page 4 of 14

28.    Defendant did not select Ms. Johnson for any of these positions and notified Mr. Labrecque that Ms. Johnson applied for other positions.

29.    With the knowledge that Ms. Johnson applied to other positions, Mr. Labrecque confronted Ms. Johnson asking why Ms. Johnson wanted to move positions.

30.    Ms. Johnson responded to Mr. Labrecque that she was applying to other positions because she was uncomfortable working with Mr. Labrecque based on the inappropriate things he would discuss and do on the job, she was tired of Mr. Labrecque cutting her hours and revoking her holiday pay disproportionately to other employees, she was frustrated that Mr. Labrecque only made her clock out for lunch while allowing most or all other employees to remain on the clock for lunch, and she was acting in accordance with his instruction that if she did not like it here, she should leave.

31.    Mr. Labrecque apologized in response to Ms. Johnson's grievances.

32.    After Ms. Johnson departed, Mr. Labrecque told Ms. Harr that it was Ms. Johnson and Ms. Harr's fault that he made sexual comments on the job.

33.    After this incident, Mr. Labrecque told Ms. Harr that she needed to stop barking like Ms. Johnson.

34.    On August 5, 2022, Ms. Johnson contacted Human Resources and filed a complaint against Mr. Labrecque since Defendant had not stopped the harassment following her report to Mr. Grumbacher.

35.    On August 12, 2022, Mr. Labrecque's supervisor, John Teeple, and Human Resources had a phone conferences with Mr. Labrecque regarding Ms. Johnson's Human Resources report.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page 5 of 14

36.     On August 12, 2022, immediately following the phone conference, Mr. Labrecque confronted Ms. Johnson on the job, assaulted Ms. Johnson, pulled and held her arm, and demanded that Ms. Johnson tell him if she reported him to Human Resources since he would find out who it was eventually.

37.     Ms. Johnson reported Mr. Labrecque's work place assault to Human Resources and filed a police report with the Winchester Police Department.

38.     August 24, 2022, Ms. Johnson contacted Shenandoah University's Assistant General Counsel and Title IX Coordinator, Peter Kronemeyerm, about her harassment and assault.

39.     On September 2, 2022, Ms. Johnson informed Mr. Labrecque and Human Resources that she would soon be accepting a new job outside of Sodexo to avoid her harasser.

40.     On September 2, 2022, Mr. Labrecque and Mr. Grumbacher approached Ms. Johnson and stated that they were separating Ms. Johnson's employment, effective immediately, and escorted her and her belonging out of the building.

41.     Despite her outstanding performance record, Ms. Johnson did not receive an opportunity to transfer within Sodexo or work remotely despite the fact that she applied to several available positions.

42.     Ms. Johnson was not given any reason for her termination.

43.     Defendant retained Mr. Labrecque as an employee, despite the fact that he has received multiple reports of sexual harassment and assaulted an employee on the job.

44.     Following Ms. Johnson's separation of employment, Defendant allowed Mr. Labrecque to bring his attorney to the Defendant's place of business and question employees while on the job regarding Ms. Johnson and her allegations of harassment and assault.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
*Page 6 of 14*

45.   Following Ms. Johnson's separation of employment, Mr. Labrecque approached

Ms. Harr on the job and attempted to coerce her into making a written statement about her

account of Ms. Johnson's harassment and assault, offering Ms. Harr a pay raise in exchange for

Ms. Harr to write a statement sympathetic toward Mr. Labrecque.

46.   Ms. Harr refused Mr. Labrecque's offer.

### COUNT I: VIOLATION OF VA. CODE § 2.2-3905(B)
### (On the Basis of Sex)

47.   Ms. Johnson incorporates all prior allegations.

48.   Va. Code § 2.2-3905(B) states that "[i]t is an unlawful discriminatory practice for

[a]n employer to [f]ail or refuse to hire, discharge, or otherwise discriminate against any

individual with respect to such individual's compensation, terms, conditions, or privileges of

employment because of such individual's . . . sex."

49.   Ms. Johnson is a woman.

50.   Defendant subjected Ms. Johnson to demeaning conduct, language, and physical harm

by and through its agents and employees.

51.   In or around the fall of 2021, Mr. Labrecque repeatedly described his inability to

get erections as a result of the COVID-19 vaccine to Ms. Johnson on the job.

52.   On or around February 11, 2022, while on the job Mr. Labrecque held up a pizza

board to Ms. Johnson and asked if Ms. Johnson wanted a "spanky spank."

53.   Mr. Labrecque described to Ms. Johnson and another female coworker, Rachel

Harr, a recent incident when he got an erection and chased his wife around the room with it.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
*Page 7 of 14*

54.     On February 14, 2022, Valentine's Day, Mr. Labrecque called Ms. Johnson into his office alone, gave her a rose, and once again brought up chasing his wife around the room with an erection.

55.     In the summer of 2022, Mr. Labrecque made sexual comments and innuendos to Ms. Johnson, saying that she did not look like she had been "driven that hard."

56.     In the summer of 2022, Mr. Labrecque referred to Ms. Johnson as a "pitbull."

57.     Mr. Labrecque accused Ms. Johnson of "barking."

58.     On August 12, 2022, Mr. Labrecque assaulted Ms. Johnson. Specifically, he pulled and held her arm because Mrs. Johnson reported Mr. Labrecque's sexual harassment to Human Resources.

59.     Ms. Johnson was belittled, humiliated, and assaulted by Defendant on the basis of her sex when she was exposed to the aforementioned discriminatory conduct.

60.     Va. Code § 2.2-3905(B) makes it unlawful to allow sex to be a motivating factor for any employment practice.

61.     During the course of Ms. Johnson's employment, Defendant, by and through its agents and employees, discriminated against Ms. Johnson in the compensation, terms, conditions, and privileges of her employment in various ways, in substantial part because of her sex, in violation of Va. Code § 2.2-3905(B).

62.     The above described unwelcome sex discrimination throughout Ms. Johnson's employment interfered with Ms. Johnson's physical and emotional well-being as well as her ability to earn money.

63.     As a result of the hostile, offensive and discriminatory behavior by Defendant, and its agents and employees, and the failure of Defendant to protect Ms. Johnson from such discrimination and

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
*Page 8 of 14*

assault, Ms. Johnson suffered humiliation, emotional stress and physical pain.

64.     Defendant, through its agents and/or employees failed to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act as described above with respect to the sex discrimination suffered by Ms. Johnson.

65.     Defendant failed to take all necessary and reasonable steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

66.     Because Defendant violated Va. Code § 2.2-3905(B), as described above, Ms. Johnson has retained counsel, in an effort to protect her rights with respect to work environment and hiring/firing practices maintained by Defendant. As a result of retaining legal counsel because of Defendant's actions, Ms. Johnson has incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Ms. Johnson.

## COUNT II: VIOLATION OF VA. CODE § 2.2-3905(B)
### (On the Basis of Age)

67.     Ms. Johnson incorporates all prior allegations.

68.     Va. Code § 2.2-3905(B) states that "[i]t is an unlawful discriminatory practice for [a]n employer to [f]ail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's . . . age."

69.     Va. Code § 2.2-3905(B) protects employees 40 years old and older.

70.     At the time Ms. Johnson began her tenure with Defendant, she was 53 years old.

71.     Defendant subjected Ms. Johnson to demeaning conduct, language, and physical harm by and through its agents and employees.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
*Page 9 of 14*

72.     In the summer of 2022, Mr. Labrecque made sexual comments and innuendo to Ms. Johnson, saying that she did not look like she had been "driven that hard."

73.     Ms. Johnson responded to this comment with visibly distress and anger. Mr. Labrecque laughed at Ms. Johnson's humiliation.

74.     During the summer of 2022, Ms. Johnson applied for three (3) positions with Sodexo to work remotely to avoid her harasser, Mr. Labrecque.

75.     Defendant did not select Ms. Johnson for these positions and notified Mr. Labrecque that Ms. Johnson applied for other positions.

76.     In response to Ms. Johnson's inquiry regarding an entry level marketing position, Defendant discouraged Ms. Johnson from applying, stating that she would be required to work more than sixty (60) hours each week.

77.     Ms. Harr, a thirty (30) year old employee who received this position was never informed of any such sixty-hour workweek, nor has Ms. Harr had to regularly work sixty hours a week.

78.     Defendant took action to discourage Ms. Johnson from applying to the entry level marketing position because of her age.

79.     On August 12, 2022, immediately after learning of Ms. Johnson's report to Human Resources, Mr. Labrecque confronted Ms. Johnson on the job, assaulted Ms. Johnson, pulled and held her arm, and demanded that Ms. Johnson tell him if she reported him to Human Resources since he would find out who it was eventually.

80.     Mr. Labrecque did not assault the other, younger employees, including Ms. Harr, who had also reported him.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
*Page 10 of 14*

81.     Upon information and belief, Mr. Labrecque targeted Ms. Johnson while on the job for physical violence and retaliation because of her age.

82.     Ms. Johnson reported her assault on the job by a fellow employee, Mr. Labrecque, to Human Resources and filed a police report with Winchester Police Department.

83.     On September 2, 2022, Mr. Labrecque and Mr. Grumbacher approached Ms. Johnson and stated that they were separating Ms. Johnson's employment, effective immediately, and escorted her out of the building with her belongings.

84.     Ms. Johnson was belittled, humiliated, and assaulted by Defendant on the basis of her age when she was exposed to the aforementioned discriminatory conduct.

85.     Va. Code § 2.2-3905(B) makes it unlawful to allow age to be a motivating factor for any employment practice.

86.     During the course of Ms. Johnson's employment, Defendant, by and through its agents and employees, discriminated against Ms. Johnson in the compensation, terms, conditions, and privileges of her employment in various ways, in substantial part because of her age, in violation of Va. Code § 2.2-3905(B).

87.     The above described unwelcome age discrimination throughout Ms. Johnson's employment interfered with Ms. Johnson's physical and emotional well-being as well as her ability to earn money.

88.     As a result of the hostile, offensive, and discriminatory behavior by Defendant, and its agents and employees, and the failure of Defendant to protect Ms. Johnson from such discrimination and assault, Ms. Johnson suffered humiliation, emotional stress and physical pain.

89.     Defendant, through its agents and/or employees failed to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act as described above with respect

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page 11 of 14

to the age discrimination suffered by Ms. Johnson.

90.     Defendant failed to take all necessary and reasonable steps to eliminate age

discrimination from the workplace and to prevent it from occurring in the future.

91.     As a further direct and proximate cause of Defendant's violation of Va. Code § 2.2-

3905(B) as described above, Ms. Johnson has been compelled to retain the services of counsel in an

effort to protect her rights with respect to work environment and hiring/firing practices maintained by

Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and

extent of which are presently unknown to Ms. Johnson.

## COUNT III: WRONGFUL TERMINATION (BOWMAN CLAIM)

92.     Ms. Johnson incorporates all prior allegations.

93.     Ms. Johnson was wrongfully discharged by Defendant for reporting illegal sexual

harassment taking place on the job.

94.     An employee may bring a wrongful termination claim if the "termination violates

Virginia's public policy," which is known as the "Bowman exception." Lester v. TMG, Inc., 896

F. Supp. 2d 483, 487 (E.D. Va. 2012) (citing Bowman v. State Bank of Keysville, 229 Va. 534,

539–40, 331 S.E.2d 797, 801 (1985)).

95.     Terminating Ms. Johnson for reporting unlawfully work place sexual harassment

violates Virginia's public policy and the Virginia Values Act. Specifically, these violations

undermine Virginia public policy interests, for preventing sex based discrimination in the work

place.

96.     Ms. Johnson approached a superior, Dave Grumbacher, as well as Human Resources to

report and seek intervention to stop the unlawful sex-based discrimination and sexual harassment she

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
**Page 12 of 14**

was facing at the hands of Mr. Labrecque.

97.     Ms. Johnson spoke with a Human Resources representative who informed her that a

case would be opened, yet Defendant failed to conduct a substantive investigation or take any mitigating

action.

98.     Following Ms. Johnson's reports, Defendant, by its employees and agents, subjected

Ms. Johnson to escalating sexual harassment and discrimination. Defendant further harmed Ms. Johnson

by cutting her hours, revoking her holiday pay, denying her job applications to avoid her harasser, and

by telling her that if she did not like it at the company, she should leave.

99.     Ms. Johnson was not afforded an opportunity to transfer within Sodexo or work

remotely, despite the fact that she applied for several open positions.

100.    Mr. Labrecque cut Ms. Johnson's hours and revoked her holiday pay

disproportionately to other employees.

101.    Mr. Labrecque made Ms. Johnson clock out for lunch while allowing most or all other

employees to remain on the clock for lunch

102.    Mr. Labrecque instructed Ms. Johnson that if she did not like it at Sodexo, she should

leave.

103.    On August 12, 2022, immediately after learning of Ms. Johnson's report to

Human Resources, Mr. Labrecque confronted Ms. Johnson on the job, and assaulted her by

pulling and holding her arm, while aggressively demanded that Ms. Johnson tell him if she

reported him to Human Resources.

104.    Ms. Johnson reported her assault on the job by a fellow employee, Mr.

Labrecque, to Human Resources and filed a police report with the Winchester Police

Department.

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page 13 of 14

105.    On September 2, 2022, Mr. Labrecque and Mr. Grumbacher approached Ms. Johnson and stated that they were separating Ms. Johnson's employment, effective immediately, and escorted her out of the building with her belongings.

106.    Defendant responded to Ms. Johnsons reports of illegal work place sexual harassment, through a series of retaliatory actions that ultimately resulted in her wrongful discharge on September 2, 2022.

107.    Defendant violated Virginia public policy and the Virginia Values Act by retaliating against Ms. Johnson and ultimately terminating her employment in response to Ms. Johnson's report of unlawful gender-based discrimination and sexual harassment in the work place.

108.    As a result of Defendant's retaliation and wrongful termination, in violation of Virginia public policy and the Virginia Values Act, Ms. Johnson suffered emotional distress and loss of income.

109.    As a direct result of these violations, Ms. Johnson is entitled to an award of damages from Defendant for wrongful termination in violation of Virginia public policy and the Virginia Values Act, as stated under the "Bowman exception"

**WHEREFORE, the Plaintiff STACY JOHNSON, respectfully requests that this Court:**

A.    Enter judgement in favor of Ms. Johnson and against Defendant for their wrongful termination of Ms. Johnson under the "Bowman exception" and for their conduct in violation of her rights under the Va. Code § 2.2-3905(B); and

B.    Award Ms. Johnson compensatory damages in the amount of $350,000.00 including lost wages, back pay, past and future impairment of power to earn money, and emotional distress; and

*Stacy Johnson v. Sodexo, Inc.*
*Complaint*
Page 14 of 14

       C.      Award Ms. Johnson Punitive damages of $350,000.00 against Defendant for their

intentional and malicious conduct;

       D.      Enter a permanent injunction against future acts of discrimination against Ms.

Johnson;

       E.      Award Ms. Johnson her costs expanded herein, including reasonable attorneys'

fees as allowed under the Va. Code § 2.2-3908(B);

       F.      Award Ms. Johnson pre-judgment and post-judgment interests; and

       G.      Award her such other and further relief, as the Court deems just and equitable.

**TRIAL BY JURY IS REQUESTED.**

                                           STACY JOHNSON
                                         By Counsel

SUROVELL ISAACS & LEVY PLC

By: _____

     Jason F. Zellman, Esquire (VSB #77499)
     4010 University Drive, Second Floor
     Fairfax, Virginia 22030
     Telephone: 703.277.9704
     Facsimile: 703.591.9285
     Email: JZellman@SurovellFirm.com
     *Counsel for Ms. Johnson*

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(HARRISONBURG DIVISION)

STACY JOHNSON,                        )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )      Civil Action No.   524cv14
                                      )
SODEXO, INC.                          )
                                      )
        Defendant.                    )
                                      )

## DECLARATION OF JOAN McGLOCKTON
## IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

I, Joan McGlockton, declare and state as follows:

1.      I have personal knowledge of the facts set forth herein, and if called upon to testify thereto, I could and would competently do so under oath.

2.      I hold the position of Vice President, Associate General Counsel, and Corporate Secretary with Sodexo, Inc ("Sodexo.")  In this role, I am familiar with the corporate structure of Sodexo.

3.      Sodexo is a corporation organized under the laws of the State of Delaware with its principal place of business in North Bethesda, Maryland.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February **26**, 2024.

Joan McGlockton

44

# EXHIBIT 3

JS 44 (Rev. 03/24)

Case 5:24-cv-00014-EKD   Document 1-1   Filed 03/12/24   Page 2 of 3   Pageid#: 6

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Stacy Johnson

**(b)** County of Residence of First Listed Plaintiff   Hampshire County, WV
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason Zellman, Esq., Surovell Isaacs & Levy PLC
4010 University Dr, 2nd Floor, Fairfax, VA 22030
703-277-9704

## DEFENDANTS

Sodexo, Inc.

County of Residence of First Listed Defendant   Montgomery County, MD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Eleanor F. Miller, Fisher Phillips LLP
1401 New York Ave, Suite 400, Washington, DC 20005
202-916-7189

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Pharmaceutical Slander Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | Liability ☐ 368 Asbestos Personal ☐ 340 Marine Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability **PERSONAL PROPERTY** ☐ 350 Motor Vehicle ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | Product Liability ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Exchange |
| | ☐ 362 Personal Injury - Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence Accommodations ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | Employment **Other:** | ☐ 462 Naturalization Application | | State Statutes |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other Other ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC §§ 1332, 1441, & 1446

Brief description of cause:
discrimination, harassment, and wrongful termination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   3/12/2024

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

5:24cv14

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT $405   APPLYING IFP   No   JUDGE   Dillon   MAG. JUDGE

BVAWDC-4383002

46

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| **Stacy Johnson,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:24-cv-00014 |
| | ) | State Court No. 840CL24000057-00 |
| v. | ) | |
| | ) | **ORDER** |
| **Sodexo, Inc.,** | ) | |
| | ) | |
| Defendant. | ) | |

This case was recently removed from the Circuit Court for City of Winchester to the United States District Court for the Western District of Virginia at Harrisonburg. This court, finding it necessary and proper to do so, hereby REQUESTS that the original case file in your Court be forwarded to the Clerk of this court at 116 N. Main Street, Room 314, Harrisonburg, Virginia 22802, or submitted through this court's Case Management and Electronic Case Filing system (CM/ECF).

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for City of Winchester at 5 N. Kent St., Winchester, Virginia 22601.

ENTERED:  March 14, 2024

*/s/ Elizabeth K. Dillon*
_____
United States District Judge

**ECF**
**DOCUMENT**
I hereby attest and certify that this is a printed copy of a document that was electronically filed with the United States District Court for the Western District of Virginia.
Date Filed  3-14-24
Laura A. Austin, Clerk of Court
By  /s/ Vasquez
Deputy Clerk

48

Winchester Circuit Circuit Court      Case No.:CL24000057-00

JOHNSON, STACY      Vs      SODEXO, INC

## TABLE OF CONTENTS

| Document Index | Date Filed | Page |
|---|---|---|
| INITIAL FILING - COM: | 02/05/2024 | 1 - 16 |
| REQUEST - COMPLAINT COPY REQUEST | 02/16/2024 | 17 - 17 |
| NOTICE - OF FILING | 03/15/2024 | 18 - 44 |
| RECEIPT 2/5/2024 11:57:11 AM.pdf | | 45 - 45 |
| RECEIPT 2/9/2024 12:27:05 PM.pdf | | 46 - 46 |
| MISC-LETTERS-MEMOS | | 47 - 48 |
| SPECIAL PROCESS SERVER - COMPLAINT - REGISTERED AGENT - SODEXO, INC. | 02/05/2024 | 49 - 51 |